UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DIANE FLOOD, as Guardian of the Person and
Property of ANNE MARIE FLOOD, an
Incapacitated Person,

                              Plaintiff,

       v.                                              **DECISION AND ORDER**
                                                        11-CV-162S

CSX TRANSPORTATION, INC.,

                              Defendant.


# I.  INTRODUCTION

Plaintiff Diane Flood, as guardian of the person and property of Anne Marie Flood,

commenced this action on January 30, 2008 by filing a summons and complaint in the New

York State Supreme Court, County of Erie.   On February 25, 2011 Defendant CSX

Transportation ("CSX") filed a Notice of Removal to this Court.  Presently before this Court

is Plaintiff's Motion to Remand.   For the reasons discussed below, Plaintiff's motion is

granted.[1]


# II.  BACKGROUND

On January 30, 2008 Plaintiff filed her complaint in the New York State Supreme

Court, County of Erie against CSX and then-defendant the Town of Hamburg, New York

("Hamburg").  (Notice of Removal, ¶ 4, Docket No. 1.)  The complaint asserted various

---

[1] In support of her Motion to Remand, Plaintiff filed a Memorandum of Law; an Attorney Affidavit, with Exhibits; a Reply Memorandum; and an Attorney Reply Affirmation, with Exhibits.  (Docket Nos. 5. 9.) In opposition to Plaintiff's motion, Defendant filed a Memorandum of Law; and an Attorney Affidavit, with Exhibits.  (Docket Nos. 7, 8.)

1

claims for negligence as well as violations of Sections 21, 53-a and 53-b of the New York State Railroad Law arising out of the collision between a train operated by CSX and Anne Marie Flood's vehicle on November 24, 2007, resulting in Flood suffering traumatic brain injuries.  (Id. ¶ 12.)

On January 11, 2010, the Honorable Timothy J. Drury, New York Supreme Court Justice, granted Hamburg's motion for summary judgment.  (Id. ¶ 15.)  Justice Drury's order was filed on January 20, 2010 and notice of entry was served on January 22, 2010.  (Id. ¶ 16.)  Plaintiff appealed that decision to the Appellate Division, Fourth Judicial Department, but that court affirmed the lower court's decision on December 30, 2010.  (Id. ¶ 17.)  Hamburg served Notice of Entry of the order on Plaintiff on January 5, 2011.  (Id.)

Thereafter, CSX filed its notice of removal on February 25, 2011.  (Docket No. 1.)  Plaintiff responded with the present motion to remand, filed on March 25, 2011.  (Docket No. 5.)  The parties' briefs were deemed submitted on April 22, 2011, at which time this Court took Plaintiff's motion under advisement without oral argument.


## III.  DISCUSSION

### A.    Defendant's Removal and Plaintiff's Motion to Remand

A civil action brought in state court may be removed by a defendant to a federal district court of original jurisdiction.  28 U.S.C. § 1441.  District courts have original jurisdiction over all civil actions arising under the Constitution, treaties, or laws of the United States, and over all civil actions between citizens of different states, if the amount in controversy exceeds $75,000.  28 U.S.C. §§ 1331, 1332(a)(1).

Out of respect for states' rights and in keeping with the limited jurisdiction of federal courts, removal jurisdiction is "strictly construed," with all doubts resolved against removal. Syngenta Corp Prot., Inc. v. Henson, 537 U.S. 28, 32, 123 S. Ct. 366, 154 L. Ed. 2d 368 (2002); In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig., 488 F.3d 112, 124 (2d Cir. 2007).  And the removing party bears the burden of establishing proper jurisdiction. United Food & Commercial Workers Union v. Centermark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994); Funeral Fin. Sys., Ltd. v. Solex Express, Inc., No. 01-CV6079(JG), 2002 WL 598530, at *3 (E.D.N.Y. Apr. 11, 2002) (noting that in the face of a motion to remand, the burden falls on the defendant to prove the existence of jurisdiction and that the case is properly in federal court).

Defendant removed this action on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a)(1).  Defendant contends that the state court's dismissal of Plaintiff's claims against Hamburg leave only diverse parties, namely CSX, a Virginia corporation with its principle place of business in Jacksonville, Florida, and Plaintiff, a New York resident and citizen.  (Notice of Removal ¶¶ 5, 10.)

Plaintiff challenges Defendant's removal for failure to comply with the 30-day notice and 1-year commencement deadlines under 28 U.S.C. § 1446(b), as well as because Defendant waived its right to remove this action by engaging in extensive litigation in state court.

**1.     § 1446(b)'s 30-day removal limit**

28 U.S.C. § 1446(b) provides that:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an

amended pleading, motion, order or other part from which it
may first be ascertained that the case is one which is or has
become removable.

The 30-day statutory time limit is mandatory, but failure to adhere to it constitutes

a procedural, rather than a jurisdictional, defect. Phoenix Global Ventures, LLC v. Phoenix

Hotel Assocs., Ltd., 422 F.3d 72, 75 (2d Cir. 2005) (describing thirty-day deadline for notice

of removal under § 1446(b) as "mandatory and rigorously enforced, but not jurisdictional")

BNY W. Trust v. Roman, No. 3:11-cv-274 (CSH), 2011 WL 2461899, at *1 (D. Conn. June

20, 2011).   However, the mere fact that a state court granted a motion for summary

judgment or motion to dismiss resulting in "the involuntary dismissal of non-diverse parties

does not make an action removable."   Quinn v. Aetna Life & Casualty Co., 616 F.2d 38,

40, n.2 (2d Cir. 1980).

> The purpose of this distinction is to protect against the
> possibility that a party might secure a reversal on appeal in
> state court of the non-diverse party's dismissal, producing
> renewed lack of complete diversity in the state court action, a
> result repugnant to the requirement in 28 U.S.C. s 1441 that an
> action, in order to be removable, be one which could have
> been brought in federal court in the first instance.

Id. (internal citations omitted).

Here, Justice Drury's decision was filed on January 20, 2010.   Applying the

reasoning in Quinn, this did not make the action immediately removable.   See id.   Instead,

the action became removable once the time available to Plaintiff to appeal the decision

expired.   Kobza v. Target Stores, Inc., No. 09-CV-00865(S)(M), 2009 WL 5214489, at *3

(W.D.N.Y. Dec. 29, 2009) (report and recommendation) (noting that action might become

removable "where the plaintiff allows the deadline for an appeal of the dismissal order to

lapse without taking an appeal"); Mahl Brothers Oil Co., Inc. v. St. Paul Fire & Marine Ins.

4

Co., 307 F. Supp. 2d 474 (W.D.N.Y. 2004) (holding that Plaintiff's failure to appeal state court order constituted voluntary act and thus did not bar removal).

Here, Plaintiff did, however, appeal Justice Drury's decision to the Appellate Division, Fourth Judicial Department, which affirmed the decision on December 30, 2010. Plaintiff received notice of the Appellate Division's decision on January 5, 2011.  From that point, Plaintiff had 30 days, plus an additional five days because the notice was received by mail, to seek an appeal with the New York Court of Appeals.  N.Y.C.P.L.R. § 5513 (McKinney 1999).  Accordingly, Defendant's time to file its notice of removal did not start running until Plaintiff had fully exhausted its options on appeal on February 10, 2011 the expiration date for any further review of the Appellate Division's decision.  See Atlanta Shipping Corp. v. Int'l Modular Housing, Inc., 547 F. Supp. 1356, 1360 n. 8, (S.D.N.Y. 1982) (noting that where possibility of appeal no longer existed removal can be allowed).

Defendant's filing of its notice of Removal on February 25, 2011 was therefore within the 30-day deadline set forth in § 1446.

### 2.    § 1446(b)'s 1-year Commencement Deadline

In addition to the 30-day notice deadline, 28 U.S.C. § 1446(b) also provides that "a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action."  Here, CSX did not file its notice of removal until three years after the case was originally filed, well outside the 1-year commencement deadline.  Following the plain words of the statute, Plaintiff's Motion to Remand could be granted on this basis.

Resisting that result, Defendant asks this Court to apply the doctrine of equitable tolling, adopted by the court in Hill v. Delta International Machinery Corp., 386 F. Supp. 2d

427 (S.D.N.Y. 2005).  That decision held that a court could allow an extension of the 1-year commencement deadline where "the plaintiff acted tactically to avoid removal and the interests of justice favor removal."  Id. (quoting In re Rezulin Prods. Liab. Litig. (MDL No. 1348), Nos. 00 Civ. 2843(LAK), 02 Civ. 6827(LAK), 2003 WL 21355201, at *2 (S.D.N.Y. June  4, 2003) ("In re Rezulin")).  To reach this conclusion, the court in Hill first analogized the 1-year commencement deadline to § 1446(b)'s procedural 30-day notice deadline.  Id. at 430.  The Hill court then determined that, on this basis, the 1-year deadline was also procedural, and could be extended.  Id.  Whether such an extension is warranted could be ascertained by considering "the plaintiff's behavior, the fairness to the defendant of allowing or denying the extension, and the systemic interest in efficiency and respect for the state courts."  Id. at 431.  Elaborating on these factors, the first considers whether "plaintiffs engaged in tactics designed to prevent defendant from removing the case to federal court."  See Meding v. Receptopharm, Inc., No. 08-CV-2367 (SLT)(MDG), 2008 WL 4610303, at *8 (E.D.N.Y. Oct. 15, 2008).  The second factor looks to whether defendant exhibited a lack of diligence in seeking removal.  See Clark v. Nestle USA, Inc., No. Civ.A. 04-1537, 2004 WL 1661202, at *2 (E.D. La. July 22, 2004).  Finally, the third factor weighs against removal where "substantial progress" had been made in the state forum.  Hill, 386 F. Supp. 2d at 431.

A review of the relevant case law shows that the Second Circuit has not conclusively determined whether the 1-year commencement deadline can be equitably tolled, Meding, 2008 WL 4610303, at *8, although the Fifth Circuit has allowed removal pursuant to the equitable tolling doctrine, Tedford v. Warner-Lambert Co., 327 F.3d 423, 426-27 (5th Cir. 2003); Brown v. Descheeny, No. 09-0021, 2010 WL 1141156, at *2 (S.D. Miss. Mar. 22,

2010); Monk v. Werhane Enterprises, Ltd., No. 06-4230, 2006 WL 3918395, at *4 (E.D. La. Nov. 27, 2006).  Other district courts in the Second Circuit have applied reasoning similar to that in Hill.  See Torah Soft Ltd. v. Drosnin, No. 00 Civ. 676 (JCF), 2003 WL 22077414, at *4 (S.D.N.Y. Sept. 8, 2003); In re Rezulin, 2003 WL 21355201, at *2.

Following in the footsteps of the Court's decision in Meding, this Court need not take a position on whether the 1-year commencement deadline is jurisdictional or procedural because here CSX has failed to clearly demonstrate that Plaintiff manipulated the state litigation to prevent CSX from removing this case to federal court.  See 2008 WL 4610303, at *8.

This action was commenced on January 30, 2008 against both Hamburg and CSX. Plaintiff did not wait until CSX threatened removal to add Hamburg as a party and thus destroy diversity.  See Hill, 386 F. Supp. 2d at 433 (noting that non-diverse defendant was included in initial complaint).  Though CSX claims that Plaintiff's causes of action against Hamburg were legally and factually non-cognizable and that Plaintiff failed to conduct any discovery, Plaintiff opposed Hamburg's motion for summary judgment in a 20-page memorandum.  (Opposition to Summary Judgment, Docket No. 9-6.)  Were this Court to adopt CSX's arguments, it would have to find the doctrine of equitable tolling applicable anytime a plaintiff's cause of action was dismissed on a motion for summary judgment. This is plainly insufficient.  Alternatively, CSX would have this Court conduct an intensive review of the legal basis for Plaintiff's claims against Hamburg, and the state court's decision, to determine whether Plaintiff's claims were frivolous.  Given that neither of the courts that considered Plaintiff's claims against Hamburg described the claims in such terms and that the claims were dismissed on a motion for summary judgment, as opposed

to a motion to dismiss, such scrutiny is not warranted.

This is not to say that there does not appear to have been significant delay in the course of litigating the state court action. Nevertheless, those delays occurring during discovery were attributable to both Plaintiff and CSX. Plaintiff apparently adjourned a number of depositions that were originally scheduled for June 12, 2008 such that they were not concluded until August 31, 2009. CSX, for its part, sought a protective order against Plaintiff's motion to compel, and itself moved to compel the deposition of one of Plaintiff's experts, a motion that resulted in an appeal to the Appellate Division, Fourth Department. See Meding, 2008 WL 4610303, at *8 (noting that it was defendant, not plaintiffs, who expanded scope of action by moving for order requiring filing of formal pleadings). While this Court does not challenge the parties' good faith in carrying out discovery, and resisting demands they considered inappropriate, it is inevitable that such motion practice will lead to some delay that cannot entirely be left at Plaintiff's doorstep. Additionally, it appears that the law firm representing Plaintiff dissolved in the fall of 2009, resulting in some delay that cannot be attributed to Plaintiff's intentional manipulation. (Attorney's Reply Affirmation, ¶ 3, Docket No. 9.)

CSX points an accusing finger at Plaintiff's "half-hearted" appeal from Justice Drury's decision granting Hamburg's motion for summary judgment. But that decision was not filed until January 20, 2010, almost a year after the expiration of the 1-year commencement deadline. There would be no need for Plaintiff to further delay the litigation by dragging out the appeals process because she would have already fulfilled her objective. Any further delay would be unnecessary to Plaintiff's alleged goal of avoiding removal.

Other cases in which plaintiffs were found to have committed the kind of tactical manipulation alleged here are easily distinguishable.  This is not a case in which a plaintiff waited until a few days after the 1-year deadline had passed before voluntarily dismissing claims against the only non-diverse defendant.  See In re Rezulin, 2003 WL 21355201, at *2.  Nor is this a case in which a plaintiff hid the true extent of his damages until just after the expiration of the 1-year time period.  See Styron, 2011 WL 721473, at *5.  Instead, this is simply a complicated case involving many witnesses and difficult discovery questions.[2]  "[W]hen a party files a motion to remand challenging the removal of an action from state court, the burden falls squarely upon the removing party to establish its right to a federal forum by competent proof."  Hill, 386 F. Supp. 2d at 429 (internal quotations omitted).  That burden has not been met here.  Accordingly, Plaintiff's Motion to Remand  will be granted.

**3.       § 1446 Waiver of Defendant's Right to Remove**

Plaintiff also argues that remand is appropriate because CSX waived its right to remove by demonstrating an intent to litigate in state court.  See Hill v. Citicorp, 804 F. Supp. 514, 517 (S.D.N.Y. 1992).  Having found removal improper on the basis of § 1446(b)'s 1-year commencement deadline, this Court does not reach this additional argument.

**IV.  CONCLUSION**

For the reasons stated above, Plaintiff's Motion to Remand is granted.

---

[2]Indeed, CSX submitted notices of non-party deposition for as many as 50 witnesses.  (Ex. D, Docket No. 9-4.)

9

## V.  ORDERS

IT IS HEREBY ORDERED, that Plaintiff's Motion to Remand (Docket No. 5) is GRANTED.

FURTHER, that the Clerk of the Court is directed to transfer this case to the New York State Supreme Court, County of Erie.

FURTHER, that the Clerk of the Court is directed to take the steps necessary to close this case.

SO ORDERED.

Dated:   February 11, 2012
       Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court
